# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOMINGO ARCHEVAL, | ) |
| | ) |
| Petitioner, | ) CIVIL ACTION |
| | ) |
| v. | ) NO. 16-CV-40120-TSH |
| | ) |
| COLETTE GOGUEN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS (Docket No. 13) AND PETITIONER'S RENEWED MOTION TO APPOINT COUNSEL (Docket No. 18)

**September 20, 2017**

**HILLMAN, D.J.**

Respondent Colette Goguen moves to dismiss *pro se* Petitioner Domingo Archeval's petition for a writ of habeas corpus on the basis that claim 1 of his Petition – that the trial judge improperly filed to give a missing witness instruction – is unexhausted. Archeval opposes the motion on the basis that his claim is effectively exhausted, and that he is actually innocent.

Exhaustion of state remedies is a prerequisite for habeas relief. 28 U.S.C. § 2254(b)-(c). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997). Archeval concedes that he "did not apprise the court to the federal nature of this claim," but argues that the state and federal standards are nearly identical, therefore he effectively

1

presented his federal claim to state court. Pet. at 18. However, "absent clear and traditional articulation of a claim in language known to preserve a potential federal claim, state-law formulations should most often be construed as raising purely state-law issues." *Nadworny v. Fair*, 872 F.2d 1093, 1099 (1st Cir. 1989). This Court disagrees that Archeval's state-court presentment of his missing witness claim, which relied exclusively on Massachusetts state law and cases, and asserted that the trial judge had failed to properly apply state law standards, was "for all practical purposes, indistinguishable" from his present Fourteenth Amendment claim, which hinges on whether the failure to provide a missing witness instruction resulted in a violation of the fundamental fairness standard implied in the due process clause of the Fourteenth Amendment. *Janosky v. St. Amand*, 594 F.3d 39, 50 (1st Cir. 2010). Having reviewed Archeval's Petition and Opposition, as well as his appeal briefs to the MAC and SJC, I agree with the Respondent that Archeval has failed to exhaust his state remedies with respect to his claim that the state court improperly failed to give a missing witness instruction in violation of his rights under the 14th Amendment.

Archeval alternately seeks to evade the exhaustion requirement by arguing "actual innocence." Actual innocence "serves as a gateway through which a petitioner must pass" in order to present procedurally defaulted claims. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). As noted by the Respondent, no such gateway for by-passing the exhaustion requirement has been recognized by the First Circuit. Moreover, the evidence of "actual innocence" offered by Archeval lacks credibility. To pass through the "actual innocence" gateway, a petitioner must show that, in light of his newly presented evidence, it is "more likely than not any reasonable juror would have reasonable doubt." *Riva v. Ficco*, 803 F.3d 77, 84 (1st Cir. 2015), *cert. denied sub nom. Riva v. Vidal*, 136 S. Ct. 1536, (2016) (citing the standard for actual innocence articulated by the Supreme

Court in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995)). The new evidence that the Petitioner presents is an affidavit signed by his brother, Carlos Archeval, confessing to the murder for which the Petitioner was convicted, but only *after* Carlos was acquitted of the same crime and had exhausted his appeals on the lesser charges for which he was convicted. This evidence lacks the credibility necessary to show that it is "more likely than not any reasonable juror would have reasonable doubt" as to Petitioner Archeval's guilt. As the trial court noted, "[t]he lack of credibility is underscored by the fact that double jeopardy principles now protect Carols from being retried for Velez's murder." App'x to Mot. at 788.

As discussed above, Archeval has failed to exhaust his claim that the state court improperly failed to give a missing witness instruction in violation of 14th Amendment rights. Archeval's Petition is therefore a "mixed petition," containing both exhausted and unexhausted claims. For mixed petitions, "the best practice" is for the District Court "to allow [the petitioner] to delete his unexhausted claims, rather than summarily dismiss his petition." *DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013).

Accordingly, the Respondent's motion to dismiss (Docket No. 13) is denied, without prejudice. On or before October 18, 2017, Archeval may file an amended petition deleting his unexhausted missing witness instruction claim.[1] If Archeval fails to delete his unexhausted claim

---

[1] A district court may also stay a mixed petition to permit the petitioner to return to state court and address any unexhausted claims, then lift the stay and proceed to address the petition once all claims have been exhausted. *See Rhines v. Weber*, 544 U.S. 269, 274, 125 S.Ct. 1528 (2005). However, this "stay and abeyance" procedure is only appropriate when a Petitioner can establish "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Josselyn v. Dennehy*, 475 F.3d 1, 4 (1st Cir. 2007). While the Court does not find anything in the record to indicate Archeval has engaged in "intentionally dilatory tactics," it also finds nothing to support a finding of "good cause" for Archeval's failure to present his federal claim to the state court, and notes "the First Circuit does not recognize ineffective assistance of counsel or strategic decisions of counsel as good cause in this context." *Sullivan v. Saba*, 840 F.

by this deadline, the Respondent may, without further briefing, renew her motion to dismiss, which will be granted.

*Motion for Appointment of Counsel*

Archeval also moves this court for appointment of counsel. The Criminal Justice Act ("CJA") provides that the Court may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). As one of the Archeval's claims has not yet been exhausted in state court, the Court finds that the interests of justice do not require appointment of CJA counsel at this stage of the proceedings. Archeval's motion for appointment of counsel is therefore denied without prejudice.

## Conclusion

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 13) is ***denied, without prejudice***. On or before October 18, 2017, Archeval may file an amended petition deleting his unexhausted missing witness instruction claim. If Archeval fails to delete his unexhausted claim by this deadline, the Respondent may, without further briefing, renew her motion to dismiss the Petition, which will be granted. Petitioner's renewed motion for appointment of counsel (Docket No. 18) is also ***denied, without prejudice***.

**SO ORDERED.**

                                        */s/ Timothy S. Hillman*
                                        **TIMOTHY S. HILLMAN**
                                        **DISTRICT JUDGE**

---

Supp. 2d 429, 436-37 (D. Mass. 2012). Moreover, his claim that the judge improperly refused to give a missing witness instruction violated his 14th Amendment rights, based on the MAC's decision and Petitioner's arguments in his Memorandum (Docket No. 20), is devoid of merit. Accordingly, any motion for a stay and abeyance would be denied.