# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DOMINGO ARCHEVAL, <br>         Petitioner, <br><br> v. <br><br> COLLETTE M. GOGUEN <br>         Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CIVIL ACTION** <br> **NO. 16-40120-TSH** |

## ORDER

**June 22, 2018**

Hennessy, M.J.

By Order of Reference dated April 26, 2018, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #31), this matter was referred to me for a ruling on Petitioner Domingo Archeval's motion to move forward with exhausted claims (Docket #25), motion for leave to file legal memorandum (Docket #29), and motion to appoint counsel (Docket #30), as well as Respondent Collette Goguen's motion for order to set briefing schedule (Docket #28).

On September 20, 2017, Judge Hillman entered an order allowing Archeval to file by October 18, 2017 an amended petition deleting his unexhausted witness instruction claim. (Docket #24). On October 16, 2017, Archeval filed an amended petition. (Docket #26). In light of the timely filing of the amended petition, the court hereby enters the following scheduling order:

1. On or before July 25, 2018, Archeval shall file a memorandum law in support of his petition for a writ of habeas corpus.

2. Goguen shall file any opposition thereto on or before August 24, 2018.

In light of this scheduling order, the motion to move forward with exhausted claims (Docket #25), the motion for order to set briefing schedule (Docket #28), and the motion for leave to file legal memorandum (Docket #29) are all hereby DENIED AS MOOT.

At this time, the court will also DENY WITHOUT PREJUDICE Archeval's motion to appoint counsel (Docket #30). A petitioner does not have a constitutional right to counsel in a habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991). However, the court may appoint counsel to a financially eligible habeas petitioner under the Criminal Justice Act if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In his motion, Archeval asserts that he is without funds to hire an attorney and that he has raised meritorious issues in his petition for writ of habeas corpus. In determining whether the interests of justice require the appointment of counsel, the court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of any factual issues, the intricacy of legal issues, and the petitioner's ability to represent himself. See United States v. Guadalupe-Quinones, 65 Fed. Appx. 329, 333 (1st Cir. 2003) (citing United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993)). While Archeval asserts in conclusory fashion that he has a colorable claim, he has failed to address any of the other factors the court must examine. On the basis of the record currently before it, the court is unable to find that the totality of the circumstances warrant appointment of counsel at this time. Furthermore, Archeval has failed to provide this court with any evidence of his indigency.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge